1

2

3

4

5

6

7

8

9                          IN THE UNITED STATES DISTRICT COURT

10                     FOR THE EASTERN DISTRICT OF CALIFORNIA

11   DONALD M. BIRD,

12              Plaintiff,                    No. CIV S-04-1938 DFL JFM PS
          vs.

13

14   MAGISTRATE GREGORY
     G. HOLLOWS,                              ORDER AND

15
                Defendant.          FINDINGS AND RECOMMENDATIONS

16   _____/

17              Defendant's February 11, 2005 motion to dismiss this action was noticed for

18   hearing on May 19, 2005.  On February 28, 2005, defendant filed a motion to have plaintiff

19   declared to be a vexatious litigant.  On March 31, 2005, plaintiff filed his opposition and waived

20   his appearance at the May 19 hearing.  Pursuant to Local Rule 78-230(h), the court has

21   determined that the matter will be submitted on the papers without oral argument.  Upon review

22   of the motions and the documents in support and opposition, and good cause appearing therefor,

23   THE COURT FINDS AS FOLLOWS:

24   I.  February 11, 2005 Motion to Dismiss

25              In considering a motion to dismiss, the court must accept as true the allegations of

26   the complaint in question.  See Hospital Bldg. Co. v. Trustees of Rex Hosp., 425 U.S. 738, 740

                                              1

1  (1976).  The court must also construe the pleading in the light most favorable to the party

2  opposing the motion and resolve all doubts in the pleader's favor.  See Jenkins v. McKeithen,

3  395 U.S. 411, 421 (1969).  A motion to dismiss for failure to state a claim should not be granted

4  unless it appears beyond doubt that a plaintiff can prove no set of facts in support of the claim

5  that would entitle the plaintiff to relief.  See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984);

6  Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).

7           The court may disregard allegations contradicted by the complaint's attached

8  exhibits.  Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987); Steckman v. Hart

9  Brewing, Inc., 143 F.3d 1293, 1295 (9th Cir.1998).  Furthermore, the court is not required to

10 accept as true allegations contradicted by judicially noticed facts.  Mullis v. United States

11 Bankruptcy Ct., 828 F.2d 1385, 1388 (9th Cir. 1987).  The court may consider matters of public

12 record, including pleadings, orders, and other papers filed with the court.  Mack v. South Bay

13 Beer Distributors, 798 F.2d 1279, 1282 (9th Cir. 1986), abrogated on other grounds by Astoria

14 Federal Savings and Loan Ass'n v. Solimino, 501 U.S. 104 (1991).  "The court is not required to

15 accept legal conclusions cast in the form of factual allegations if those conclusions cannot

16 reasonably be drawn from the facts alleged."  Clegg v. Cult Awareness Network, 18 F.3d 752

17 (9th Cir. 1994).  Neither need the court accept unreasonable inferences, or unwarranted

18 deductions of fact.  See Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

19          Pro se pleadings are held to a less stringent standard than those drafted by lawyers.

20 Haines v. Kerner, 404 U.S. 519, 520-21 (1972).  Unless it is clear that no amendment can cure its

21 defects, a pro se litigant is entitled to notice and an opportunity to amend the complaint before

22 dismissal.  See Lopez v. Smith, 203 F.3d 1122, 1127-28 (9th Cir.2000) (en banc); Noll v.

23 Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).

24          This action is proceeding on the original complaint filed September 17, 2004.

25 The only named defendant is Magistrate Judge Hollows.  The caption of the complaint states that

26 this action is brought pursuant to 42 U.S.C. § 1983.  The caption further states that plaintiff is

1  alleging a claim pursuant to the 7th Amendment for violation of his right to a jury trial.  Plaintiff

2  also alleges that defendant committed fraud by failing to obey the oath of office.  Plaintiff also

3  lists as causes of action fraud by deceit, judicial treason, nonfeasance, misfeasance, malfeasance,

4  breach of contract and contempt of the Constitution.

5          The complaint is difficult to understand.  However, plaintiff is complaining

6  regarding defendant's rulings in another action filed by plaintiff in this court, CIV S-04-0504

7  MCE GGH PS.  As relief, plaintiff seeks money damages.

8          Defendant argues that this action should be dismissed on grounds of judicial

9  immunity.  Judges are absolutely immune from civil liability for damages for acts performed in

10 their judicial capacity.[1]  Pierson v. Ray, 386 U.S. 547, 553-559 (1967).  An act is "judicial" when

11 it is a function normally performed by a judge and the parties dealt with the judge in her judicial

12 capacity.  See Stump v. Sparkman, 435 U.S. 349, 362 (1978).  Rulings made by defendant

13 Hollows in CIV S-04-0504 MCE GGH PS were made within his judicial capacity.  Therefore,

14 defendant Hollows is entitled to judicial immunity.  Because it is clear that plaintiff cannot cure

15 this pleading defect, the court recommends that this action be dismissed on this ground.  Based

16 on the nature of plaintiff's claim, it is clear that granting him leave to amend would be futile.[2]

17 II.  Motion to Declare Plaintiff to be a Vexatious Litigant

18          Defendant seeks an order, pursuant to the All Writs Act, 28 U.S.C. § 1651, and

19 Local Rule 65.1-151(b), to have plaintiff Donald M. Bird declared to be a vexatious litigant and

20 to prohibit plaintiff from filing any new litigation in federal court without first obtaining leave of

21 the presiding judge of the court in which the litigation is proposed to be filed, requiring plaintiff

22

23     [1]  The judicial immunity available to federal officers, such as defendant Hollows, extends
24 to actions for declaratory, injunctive and other equitable relief.  Mullis v. United States
   Bankruptcy Court, 828 F.2d 1385, 1394 (9th Cir. 1987).

25     [2]  Defendant reserved his right to move to dismiss for plaintiff's failure to effect proper
   service.  Because the court recommends dismissal on the merits, it need not determine whether
26 service was proper.

1    to give security and to pay sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure.

2    Plaintiff opposes the motion, pleading, *inter alia*, his constitutional right of access to the courts.

3        The Ninth Circuit has acknowledged the "inherent power of federal courts to

4    regulate the activities of abusive litigants by imposing carefully tailored restrictions under the

5    appropriate circumstances." De Long v. Hennessey, 912 F.2d 1144, 1146 (9th Cir.1990)

6    (discussing requirements, pursuant to the All Writs Act,  28 U.S.C. § 1651(a), for issuing an

7    order requiring a litigant to seek permission from the court prior to filing any future suits).  Local

8    Rule 65.1-151(b) provides:  "The provisions of Title 3A, part 2, of the California Code of Civil

9    Procedure, relating to vexatious litigants, are hereby adopted as a procedural rule of this Court on

10   the basis of which the Court may order the giving of security, bond, or undertaking, although the

11   power of the court shall not be limited thereby."  California Code of Civil Procedure, Title 3A,

12   part 2, commences with § 391.  California Code of Civil Procedure § 391.1 requires a party to

13   furnish security on a showing that (1) the party is a vexatious litigant, and (2) there is no

14   reasonable probability he will prevail in the instant litigation.  A vexatious litigant is, inter alia, a

15   person acting pro per who repeatedly files unmeritorious motions, pleadings, or other papers.

16   California Code Civil Procedure § 391.[3]

17   —————————————

18   [3] Cal Code Civ. Pro. § 391 provides:
            As used in this title, the following terms have the following
            meanings:

19          (a) "Litigation" means any civil action or proceeding, commenced,
            maintained or pending in any state or federal court.

20          (b) "Vexatious litigant" means a person who does any of the
            following:

21          (1) In the immediately preceding seven-year period has
            commenced, prosecuted, or maintained in propria persona at least

22          five litigations other than in a small claims court that have been (i)
            finally determined adversely to the person or (ii) unjustifiably
            permitted to remain pending at least two years without having been

23          brought to trial or hearing.
            (2) After a litigation has been finally determined against the

24          person, repeatedly relitigates or attempts to relitigate, in propria
            persona, either  (i) the validity of the determination against the

25          same defendant or defendants as to whom the litigation was finally
            determined or (ii) the cause of action, claim, controversy, or any of

26

4

Defendants contend that plaintiff continues to file federal lawsuits to complain of actions taken by judges in prior court actions despite his awareness of the doctrine of judicial immunity.  See Bird v. Reinhardt, et al., CIV S-03-2227 GEB KJM PS (suing three judges of the Ninth Circuit Court of Appeals); Bird v. Mueller, CIV S-04-0504 MCE GGH PS (suing Magistrate Judge Mueller of this court), and the instant action where he sued Magistrate Judge Hollows.  Counsel notes that Judge Hollows warned plaintiff about these complaints:

> The court notes that plaintiff appears to be going down a road where he sues the judicial officer who ruled against him in the previous suit—simply because plaintiff did not prevail in the suit. The court will not tolerate further harassing actions.  See Chambers v. NASCO, Inc., 501 U.S. 32, 50, 111 S. Ct. 2123, 2136 (1991) (noting that "if in the informed discretion of the court, neither the statute nor the Rules are up to the task, the court may safely rely on its inherent power" in imposing appropriate sanctions).  Those sanctions may be set at a level "sufficient to deter repetition of such conduct or comparable conduct by others similarly situated." Fed. Rule Civ. Proc. 11(c)(2).  As Rule 11 indicates, sanctions may be appropriate where a claim is "presented for any improper purpose, such as to harass," including any claim based on

---

> the issues of fact or law, determined or concluded by the final determination against the same defendant or defendants as to whom the litigation was finally determined.
> (3) In any litigation while acting in propria persona, repeatedly files unmeritorious motions, pleadings, or other papers, conducts unnecessary discovery, or engages in other tactics that are frivolous or solely intended to cause unnecessary delay.
> (4) Has previously been declared to be a vexatious litigant by any state or federal court of record in any action or proceeding based upon the same or substantially similar facts, transaction, or occurrence.
> (c) "Security" means an undertaking to assure payment, to the party for whose benefit the undertaking is required to be furnished, of the party's reasonable expenses, including attorney's fees and not limited to taxable costs, incurred in or in connection with a litigation instituted, caused to be instituted, or maintained or caused to be maintained by a vexatious litigant.
> (d) "Plaintiff" means the person who commences, institutes or maintains a litigation or causes it to be commenced, instituted or maintained, including an attorney at law acting in propria persona.
> (e) "Defendant" means a person (including corporation, association, partnership and firm or governmental entity) against whom a litigation is brought or maintained or sought to be brought or maintained.

1   "allegations and other factual contentions [lacking] evidentiary
2   support" or unlikely to prove well-grounded after reasonable
    investigation.  Rules 11(b)(1), (3).

3   Bird v. Mueller, CIV S-04-0504 MCE GGH PS (August 6, 2004 Findings and

4   Recommendations.)  Both Bird v. Reinhardt, et al., CIV S-03-2227 GEB KJM PS and Bird v.

5   Mueller, CIV S-04-0504 MCE GGH PS were dismissed after defendants filed motions to

6   dismiss.

7          The court declines to declare plaintiff a vexatious litigant at this time.  However,

8   plaintiff would be well-advised to heed Judge Hollows' admonitions.  Filing a new federal action

9   against the judge who ruled against plaintiff in a prior case is procedurally untenable.  Plaintiff

10  must pursue his claims through the appellate process, as required by the Federal Rules of

11  Appellate Procedure.  Plaintiff is cautioned that continued failure to comply with these rules is

12  likely to result in a recommendation that he be declared vexatious and his access to the court

13  would then be limited.

14         In accordance with the above, IT IS HEREBY ORDERED that the May 19, 2005

15  hearing is vacated; and

16         IT IS HEREBY RECOMMENDED that:

17         1.  Defendant's February 11, 2005 motion to dismiss be granted;

18         2.  This action be dismissed; and

19         3.  Defendant's February 28, 2005 motion to declare plaintiff to be a vexatious

20  litigant be denied.

21         These findings and recommendations are submitted to the United States District

22  Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within ten days

23  after being served with these findings and recommendations, any party may file written objections

24  with the court and serve a copy on all parties.  Such a document should be captioned "Objections to

25  Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and

26  filed within ten days after service of the objections.  The parties are advised that failure to file

1   objections within the specified time may waive the right to appeal the District Court's order.

2   Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

3   DATED:   April 21, 2005.

4

5                                        _____

6                                        UNITED STATES MAGISTRATE JUDGE

7   001;bird1938.mtd

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26